Jones, J.
(dissenting). I accept the finding of Supreme Court, affirmed by the majority at the Appellate Division, that the lease purportedly assigned by Pussycat to Margin Call and by Margin Call to plaintiff was plaintiff’s exhibit 2, the lease dated October 29, 1979 which did not include rider paragraph 49 (the paragraph which accorded recognition to the prior lease between the parties dated April 10, 1979). There is no evidence in the record sufficient to support a finding that this lease dated October 29, 1979 was intended by the parties as an extension of their prior lease or that it was executed in implementation of the tenant’s October 2,1979 exercise of its option to renew that lease, and neither court below so determined. In fact, although the expiry date was consistent, i.e., March 31, 1987, the substantive terms of the October 29, 1979 lease were significantly different from those of the lease which it replaced, and there is neither any reference therein to the prior lease nor any internal provision from which it could be inferred that it was intended as an extension of that lease. As a replacement or substitute lease it gave rise to the implication that the earlier lease had been surrendered (majority opn, at p 502).
In any event, the assignments from Pussycat to Margin Call and from Margin Call to plaintiff made explicit reference only to the lease dated October 29, 1979, no reference whatsoever was made to the original lease dated April 10, 1979 or to any rights of the assignors thereunder. I am, therefore, in agreement with Justice Arnold G. Fraiman in Supreme Court and the majority at the Appellate Division that the lease dated October 29, 1979 was void as to defendants-respondents whose standing, in consequence of the outcome of the action for specific performance of their contract to purchase the property, related back to September 19, 1979 the date of their contract, and that plaintiff accordingly acquired no rights to possession against defendants in consequence of the assignment by Margin Call to it of the October 29, 1979 lease.
I would, therefore, affirm the order of the Appellate Division.
Chief Judge Cooke and Judges Simons and Kaye concur with Judge Meyer; Judge Jones dissents and votes to *505 affirm in a separate opinion in which Judges Jasen and Wachtler concur.
Order reversed, etc.